**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olga Leza, | No. CV-20-01066-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Olga L. Leza's First (Doc. 31) and Second (Doc. 33) Motions for the Award of Attorney Fees as Authorized by the Equal Access to Justice Act (EAJA). The Court now rules on these motions.

**I.   BACKGROUND**

After being denied Social Security Disability benefits, Plaintiff sought review before an Administrative Law Judge (ALJ). The ALJ denied Plaintiff's claims on February 8, 2019. (Doc. 34 at 1). Plaintiff's claim was also denied before the Social Security Administrative Appeals Council. (*Id.*). This Court subsequently affirmed the Agency's decision on May 11, 2021. (*Id.*). Plaintiff then filed an appeal with the Ninth Circuit challenging this Court's decision. (*Id.*). The Ninth Circuit remanded the case back to the Social Security Administration for payment of disability benefits, and issued a formal mandate on May 9, 2022. (*Id.* at 1–2).

**II.   LEGAL STANDARD**

To receive attorney fees under the EAJA, three standards must be met: "(1) the party

seeking fees must be a prevailing party, (2) the government's position must not have been substantially justified, and (3) there must not be special circumstances rendering an award unjust." *Meza-Vazquez v. Garland*, 993 F.3d 726, 728 (9th Cir. 2021). If a prevailing party seeks fees, the burden is placed on the government to show that its position was substantially justified or that there are other circumstances that justify denying fees. *See Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). The government's position is justified if it has "a reasonable basis both in law and fact." *Id.* (internal quotations omitted). This standard applies to both the government's litigation position and to the agency action giving rise to the litigation. *Id.*

If the government fails to make the case that its position was substantially justified, it can seek to reduce a fee award by showing that the amount requested is unreasonable. In making a reasonableness determination, courts must look at the "amount involved and the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983); *See Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998) (applying *Hensley* to EAJA cases). Plaintiffs, the Court noted, are "entitled to an award of fees for all time reasonably expended in pursuit of the ultimate result achieved ...." *Id.* at 431. (internal citations omitted). They are not entitled to any hours that were "excessive, redundant, or otherwise unnecessary ...." *Id.* at 434. Ultimately, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation ...." *Id.* at 435. Unlike in the "substantially justified analysis," however, in the reasonableness analysis, "the fee applicant bears the burden of establishing entitlement to an award and documenting appropriate hours expended and hourly rates." *Id.* at 437. Finally, the court must also apply the *Hensley* "results obtained" analysis to fees for fee litigation. *See Atkins*, 154 F.3d at 990. Thus, Plaintiffs should only be awarded fees for EAJA litigation to the extent the applicant is successful in that litigation. *See id.*

**III.   ANALYSIS**

First, it is undisputed that Plaintiff is the prevailing party in the underlying lawsuit. (*See* Doc. 32 at 1). Consequently, the first element of receiving a fee award under EAJA is

met. Second, the government makes no attempt to defend its litigation position or the agency's initial position as substantially justified. (*See* Doc. 41 at 2). Thus, the second element is also met. It only remains, then, for this Court to determine whether there are special circumstances that make an award here unjust. *See Meza-Vasquez*, 993 F.3d at 728.

The government argues that special circumstances do exist because the fee petition is unreasonable. (Doc. 36 at 3; Doc. 37 at 2). The government makes two claims, one related to the district court litigation, and another related to the circuit court litigation. It first takes issue with the fact that Attorney Caldwell took five hours writing a detailed complaint. (Doc. 36 at 4). It claims that it was unnecessary to include factual and procedural summaries and arguments with case citations. (*Id.*). It next claims that there was unnecessary duplication of efforts because Attorney Fern spent over fourteen hours drafting and reviewing portions of the opening brief. (*Id.* at 5). The government asserts that Attorney Caldwell did not need to spend so much time drafting a detailed complaint if another attorney was going to do the exact same work when drafting the briefs. (*Id.*). The government also complains about the time Caldwell took to edit the brief. (*Id.*). Furthermore, it calls Caldwell's efforts to familiarize himself with the record "overkill." (*Id.*). Finally, the government argues that it was unreasonable for Caldwell to spend over twenty-one-hours preparing for a moot of the oral argument at the appellate level, particularly because he was not the one who ultimately presented oral argument before the Ninth Circuit. (*Id.* at 6).

Plaintiff responds that the government's arguments are meritless because she ultimately won, and had her attorney's done less, she might not have. (Doc. 40 at 9). First, she counters the assertion that the complaint was unnecessarily long and detailed. Although complaints do not usually include citations to case law or argument, plaintiff maintains that it was her attorney's prerogative to include this. If the attorney believes it is beneficial to his client's case to include detailed discussion in a complaint, plaintiff maintains, then the attorney may do so. (*Id.* at 6–7). Plaintiff next asserts that there was no unnecessary duplication of efforts at the briefing stage. Although there are some similarities between

the complaint and the brief, this does not mean that there was duplication of effort that warrants a fee reduction, she claims. (*Id.* at 8). This also applies to the government's complaints about the time devoted to editing, Plaintiff asserts. The editing process may have made the writing more effective, Plaintiff maintains. (*Id.* at 9). Plaintiff further states that the time her attorneys spent drafting the appellate brief was necessary because it involved "transitioning a 25-page district court brief into a 49-page Ninth Circuit opening brief ...." (Doc. 41 at 4). Finally, plaintiff contends that her attorneys spent a necessary amount of time mooting the case because it was essential to prepare for effective oral argument. (Doc. 40 at 4).

After having gone through the record and looked at the fee itemization provided by Plaintiff, this Court finds the fee request to be reasonable. *See Hensley*, 461 U.S. at 433 (noting that the district court must determine what fee is reasonable.). First, although it is not usual for an attorney to submit a detailed complaint, it is still within the attorney's prerogative to do so. *See Garcia v. Commr. Of Soc. Sec. Admin.*, No. CIV 18-504, 2019 WL 4673335, *2 (D. Ariz. Sept. 25, 2019). He may have done this because he thought it would be more persuasive or because he thought it would more clearly present the issues before the court. It is not this Court's job to question legal strategy. And this Court cannot say that it was objectively unreasonable. The same is true for the time spent drafting the complaint and the various briefs for the district court and appellate court litigations. None of the time spent was out of proportion to what is normal. Furthermore, the time spent reviewing the record and editing, as well as preparing for and undertaking the moot were also reasonable. This is particularly true in light of the outcome achieved. Plaintiff's case was not simply remanded for a rehearing, but rather was remanded for an immediate award of benefits. The best possible outcome. Ultimately none of the line entries for services performed, individually or taken together, is out of proportion for a case that went before both the district court and the Ninth Circuit. While differing legal minds might disagree over how much time to spend on what aspect of a case, nothing in this case was unreasonable or "overkill." Thus, this court will award all requested fees for the Social

Security litigation.

Looking to the seven hours that Plaintiff claims were spent on the EAJA fee litigation, and the outcome achieved, this Court finds the time spent entirely reasonable. Given that Plaintiff is being granted her full fee request, the seven hours spent on drafting these motions and memoranda is not that significant. This Court will award all requested fees for the EAJA litigation.

Finally, Plaintiff requests that the fees awarded be made payable to her attorney. This Court will deny this portion of her motion. As the United States Supreme Court has made clear, under the EAJA all fees awarded are to be paid to the "prevailing litigant," not that litigant's attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 598 (2010). This Court cannot ignore the clear language of the statute or the mandate of this nation's highest court. Consequently, the awarded fees must be made payable to Plaintiff, not her attorneys.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's First (Doc. 31) and Second (Doc. 33) Motions for the Award of Attorney Fees as Authorized by the Equal Access to Justice Act are **GRANTED** in the amounts of $14,887.91 and $21,191.16 respectively.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1     **IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, then the check for the fees awarded herein will be made payable to Plaintiff's attorney pursuant to the assignment executed by Plaintiff.  However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining Equal Access to Justice Act fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

    Dated this 27th day of March, 2023.

_____
James A. Teilborg
Senior United States District Judge